## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

TEDDY COPPEDGE,
    Defendant

Criminal Complaint

CASE NUMBER:  08- 79- M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about  April 8, 2008, in the District of Delaware, Defendant TEDDY COPPEDGE, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title  18 , United States Code, Section(s)  922(g)(1) and 924(a)(2).

I further state that I am sworn as a  Special Deputy U.S. Marshal and am assigned to the ATF

and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

                                                                         Steven Parrott
                                                                        Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

April 9, 2008                                     at         Wilmington, DE
Date                                                                            City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                            
Name & Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware, your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm-related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms-related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on April 8th, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant TEDDY COPPEDGE from the Delaware Justice Information System and learned that the defendant has three felony convictions for which he faced incarceration for more than one year. Those felonies are as follows. Carrying a Concealed Deadly Weapon, sentencing date on or about 11/01/2004, Possession With Intent to Deliver a Narcotic Schedule 1 Controlled Substance, sentencing date on or about 04/04/2006, and Delivery of a Narcotic Schedule 1 Controlled Substance within 1,000 feet of a School, sentencing date on or about 04/04/2006. All of these convictions were in the Superior Court of New Castle County, Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 conducted a search of a vehicle at a specific location in the city of Wilmington, Delaware. Officer 1 found what he believed, based on his training and experience, to be marijuana in the console and glove compartment of the vehicle. Officer 1 also found a firearm in the glove compartment of the vehicle. The firearm was a Sig Sauer 9mm semi-automatic handgun.

6. Officer 1 told your affiant the following. Officer 1 had seen the defendant driving the vehicle within two minutes of the officer's contact with the defendant. The defendant was found to have the keys to the car in his possession. .

7. Your affiant and Officer 1 interviewed the defendant on video in an interview room in the Detective Division of WPD. Officer 1 read the defendant his Miranda warnings from a form. The defendant stated that he understood his rights and waived his right to remain silent. He was given the form, which he appeared to read, and he then signed the form. The defendant stated that the marijuana found in the glove compartment was his and that it was for smoking but that sometimes he sold it. He also stated that the firearm found in the glove compartment was his. He stated that earlier in the day he met up with a male subject who he has dealt with in the past but who he refused to identify. He stated that the male got into his car to buy marijuana from the defendant. At some point the male subject produced a handgun in a black plastic bag and asked the defendant if he wanted to buy it. The defendant stated that he paid the subject three hundred dollars in cash and one hundred dollars worth of crack cocaine for the gun.

8. Your affiant viewed the seized firearm and found it to be a Sig Sauer brand 9mm semi-automatic handgun, model P228, serial # B124507. Based on your affiant's personal observation of the seized firearm your affiant believes the firearm: 1)contains the frame and receiver of a firearm, 2) appears to be capable of expelling a projectile by action of an explosive, and 3) is a firearm under 18 U.S.C. 921(a)(3).

9. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. That agent stated that the seized firearm was manufactured in a country other than the United States, meaning the seized firearm would have had to cross national and state lines prior to its possession in Delaware, thereby affecting foreign and interstate commerce.

10. This affidavit has been prepared for the purpose of establishing probable cause. Further information regarding this incident is known by your affiant.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate and foreign commerce, a firearm after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

                                          Steven P. Parrott
                                          Task Force Officer, ATF
                                          Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this _9_ day of _April_, 2008.

The Honorable Mary Pat Thynge
United States Magistrate Judge