IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Crim. No. 08-75-SLR |
| TEDDY COPPEDGE, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of March, 2017, having considered defendant's motion for time previously served, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 48) is granted for the reasons that follow:

1. On January 14, 2009, defendant entered a plea of guilty to unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 24) The court sentenced defendant to 72 months of incarceration, followed by three years of supervised release. (D.I. 30)

2. Defendant's term of supervision commenced on July 10, 2013 and was scheduled to expire on July 9, 2016. (D.I. 36)

3. On February 10, 2016, defendant was arrested and charged by Delaware State Police with possession with intent to deliver a quantity of heroin and cocaine base. Defendant was incarcerated by the Delaware Department of Correction on or about February 10, 2016. (*Id.*)

4. On February 29, 2016, the U.S. Probation Office ("Probation") filed a petition for violation of supervised release, contending that defendant's arrest on February 10,

2016 violated a mandatory condition of release.[1] (*Id.*) The court granted the petition and a warrant was issued for defendant's arrest to answer the charges of violating the conditions of supervision.

5. On March 29, 2016, the Delaware Superior Court sentenced defendant to seven years imprisonment, suspended after two years imprisonment to be followed by 18 months of probation.

6. On July 6, 2016, a magistrate judge granted a writ of habeas corpus ad prosequendum for defendant to appear in court on an initial appearance for a violation of supervised release petition. (D.I. 39) Defendant was ordered to remain in federal custody awaiting the hearing on the alleged supervised release violation.

7. At the July 27, 2016 hearing, defendant admitted that he violated the mandatory condition imposed by the court. (D.I. 53 at 4) The government and Probation recommended a 24-month sentence to run concurrently to the state sentence.[2] (D.I. 53 at 4-5) Defendant implored the court to run the sentences, stating:

> My only concern is that next year, around the summertime, I'm set to be going to work release because, continuing good behavior in the state, and by me having to do 24-months [on the supervised release violation], I will not - they will not send me to work release. I won't be able to go to work release because that's something prison send you to upon having good behavior and doing the programs you're doing. So with 24 months, I cannot get work release. I would have to max out my whole state sentence and then be released

[1]Specifically, "defendant shall not commit another federal, state or local crime." (D.I. 36 at 2)

[2]For such a violation, the policy statements under the sentencing guidelines recommended that, in pertinent part, the supervised release would be revoked and the defendant would be imprisoned for a term of at least 24 months, but no more than 30 months, given the assignment of a criminal history category IV. (D.I. 53 at 3)

> to the public for probation.
> I would only ask that somehow even if I have to be reinstated supervised release, that that time be cut in half so the - prison time be cut in half so I can go to work release and obtain employment instead of going straight out to probation.

(D.I. 53 at 8)

8. In response, the court inquired whether Probation and the government found it appropriate to reduce the term of imprisonment and how to craft such a sentence to run concurrently with the state sentence. (*Id.* at 8-11) After the government and Probation endorsed the 18-month sentence, the court turned to defendant, stating:

> I want to help you out. I want to believe that, you know, this is the last time. If you can look at me in the eye and tell me that this is the last time, certainly, that I will see you, I will reduce the sentence to 18 months to allow you the opportunity to go out on work release more consistent with the state. It might not be entirely consistent with the state. We don't know how that works, but its more likely to be more consistent with the state. That's the best I can do for you.

(Id. at 10-11)

9. To that end, the court sentenced defendant as follows:

> [I]t is hereby ordered that the court will depart from the policy statements of a minimum term of 24 months to an 18-month term of incarceration to run concurrent with the state system with the expectation that this sentence will be more likely consistent with how the state will supervise the defendant through incarceration and work release. There will be no period of federal supervision to follow. And the supervised release is revoked - I should have said that in the first instance-followed by a term of incarceration of 18 months to run concurrent with the state sentence with no supervised release to follow.

(*Id.* at 11)

10. On January 20, 2017, defendant filed a pro se motion for credit for time

previously served pursuant to 18 U.S.C. § 3585(b)(1).[3] (D.I. 48) Defendant avers that the Bureau of Prisons has incorrectly calculated his sentence by starting credit on July 14, 2016. Defendant submits that "his time should be effective as of February 10, 2016, which was the same day the [federal] detainer was lodged." (*Id.* at 1) Because this alleged miscalculation will prevent defendant from entering the work release program, he requests that the court clarify the sentence previously imposed. (D.I. 49)

11. In response, the government interprets the 18-month sentence as commencing on February 10, 2016, the first date of defendant's detention for the offense for which both the state and federal sentences were imposed, which is "consistent with 18 U.S.C. § 3585(b)(1)." (D.I. 51 at ¶ 8)

12. Having carefully considered the record, including the revocation hearing transcript, the parties' submissions, as well as input from Probation, the court concludes that due to a clerical error, the judgment dated August 3, 2016, did not accurately reflect the concerted effort evinced at the revocation hearing to craft a sentence to run concurrent with the state sentence so that defendant would be able to participate in work release.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 36, an amended judgment shall issue and include the following language on page 2, "concurrent to the

---

[3] 18 U.S.C. § 3585(b) provides:
A defendant shall be given credit toward the service of a time of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

state sentence running at the time of Mr. Coppedge's initial appearance in this Court. A state facility may be designated as the place of confinement to achieve the goal of a sentence that is fully concurrent to the state term which commenced on February 10, 2016."

Senior United States District Judge